[Crim. No. 15530. Fourth Dist., Div. One. June 17, 1983.]

In re ROGER BRUCE BEST on Habeas Corpus.

**COUNSEL**

Roger Bruce Best, in pro. per., for Petitioner.

John K. Van de Kamp, Attorney General, Daniel J. Kremer, Chief Assistant Attorney General, and Robert M. Foster, Deputy Attorney General, for Respondent.

**OPINION**

**WIENER, Acting P. J.**—Petitioner, Roger Bruce Best, was arrested on August 23, 1982, charged with burglary, receipt of stolen property and three priors and kept in custody at the San Diego County Jail pending resolution of the case. While in jail petitioner pleaded guilty to possession of drugs (M418764) and was sentenced to 90 days; he also pleaded guilty to driving under the influence of alcohol (T854376) and was sentenced to 10 days. As to the present case (CR 59905), petitioner pleaded guilty to receiving stolen property on November 10, 1982 and on January 5, 1983 was sentenced to the middle term of two years. He was granted 33 days credit for presentence custody plus Penal Code section 4019 credit for good time. Petitioner contends meritoriously that all the days in excess of those actually spent in custody on cases M418764 and T854376 should be credited against his current sentence in CR 59905.

 Before petitioner was sentenced on the present offense he spent 135 days in jail. During that time he served a sentence on the drug possession case of 90 days and a sentence on the driving under the influence case of 10 days. In total he completed 2 sentences totalling 100 days. The People suggest his presentence credit on the present offense should be time in custody (135) minus number of days sentenced (100) or 35 days plus good time credit. Petitioner wishes us to take a more realistic view. He correctly says he is entitled to credit for the time he spent in custody after he fully served his two sentences on the other cases.

Although sentenced to 100 days total, petitioner did not spend 100 days in actual custody on the two other cases; in each instance he received good time credit (Pen. Code, § 4019). As to the sentence of 90 days, petitioner served 52 actual days, plus 10 days of credit for time served and 28 days of good time credit; thus after petitioner spent 52 days in custody he had fully served his sentence of 90 days. As to the sentence of 10 days, petitioner spent 8 actual days in custody plus 2 days of credit for time served; when he had completed 8 days in custody he had completed his sentence of 10 days. Accordingly, after serving 60 days in custody, petitioner had completely served the 2 sentences.

The remainder of his time in custody should now be credited to his present case: 135 days minus 60 days equals 75 days actual credit plus Penal Code section 4019 credit. To hold otherwise would unfairly discriminate against petitioner by giving him Penal Code section 4019 credit with one hand while taking it away with the other. Had petitioner been released when he had completed his two sentences, i.e., at the end of 60 days, and then been picked up for the new offense he would have received credit of all presentence custody. There is no lawful reason to deny him that credit solely because he remained in custody on the case before us.

The petition and People's letter brief in opposition adequately set out the issue here. An order to show cause under these circumstances would add nothing.

The writ of habeas corpus is granted. (Pen. Code, § 1476.) The Department of Corrections is ordered to recompute petitioner's sentence giving him credit for 75 days actually served plus appropriate Penal Code section 4019 credits.

Work, J., and Joseph, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.